UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES M. GRANT III,<br><br>Petitioner,<br><br>v.<br><br>P.C.J. et al.,<br><br>Respondents. | Civ. No. 18-9403 (KM)<br><br>MEMORANDUM OPINION |

### KEVIN MCNULTY, U.S.D.J.

Petitioner pro se, Charles M. Grant III, who is presently detained at the Passaic County Jail, commenced this proceeding by filing a form petition for writ of habeas corpus under 28 U.S.C. § 2254. The proceeding was initially administratively terminated based on Mr. Grant's failure to either pay the $5.00 filing fee or file a proper application to proceed *in forma pauperis*. At that time, I cautioned Mr. Grant that it appeared that his petition might not adequately plead a claim for habeas relief. (*See* D.E. 2.) Mr. Grant subsequently filed a proper *in forma pauperis* application, which I granted, and the matter was reopened. (D.E. 7)

Mr. Grant's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases, under which, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under § 2254, a habeas petitioner must, at the time of filing, be in custody under the conviction he is attacking. 28 U.S.C. § 2254; *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); *see also Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401–02 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Here, Mr. Grant may be in custody. (His address of record is the Passaic County Jail.) It does not appear, however, that he is in custody "under the conviction he is attacking." His petition continually alleges that he "won trial" and was *not* convicted. (*See* Pet., D.E. 1-3 ¶4 ("Won Trial"); *id.* ¶ 5 ("Won Trial"); *id.* ¶ 11(e) ("Won Trial (Not guilty).") He explains that he did not raise his Ground One in state proceedings because he "was found Not guilty in trial for (Crime-Attempt) by Jury" (*id.* ¶ 12(a)) and did not file an appeal for the same reason (*id.* ¶12(d)(7)). As to Grounds Two, Three, and Four, his answers are similar.

On its face, then, this petition states that Mr. Grant is not in custody under the conviction he is attacking, and indeed was not convicted. It is therefore unclear what he seeks to accomplish with this habeas petition. In addition, the petition is virtually devoid of any allegations, assertions of fact, or demands for relief. It therefore fails to comply with Rule 2 of the Rules Governing § 2254 Cases, which requires that a petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254. Additionally, it appears that Mr. Grant may be seeking an award of damages (*see* Pet., D.E. 1-3 ¶ 18), relief which cannot be granted in a habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). As I previously instructed Mr. Grant, if he seeks an award of damages, he must file a separate civil action. For all these reasons the Petition is dismissed without prejudice, as it plainly appears that it does not entitle Mr. Grant to relief.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

An appropriate Order follows.

DATED: January 14, 2019

KEVIN MCNULTY
United States District Judge